## A. B. JOHNSON, ADMR., v J. D. BLACK ET AL.

Lien—Unpaid Purchase Money—Necessary Allegations in Petition.

An action by an assignee of a purchase money note, to enforce the vendors lien, must, if the contract has not been executed by a conveyance of the land, not only allege the ability of his assignor, the vendor, to comply with the terms of the contract of sale, but must exhibit the character of his title, his ability and readiness to convey it, and should bring the interested parties before the court.

APPEAL FROM SCOTT CIRCUIT COURT.

January 15, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The debts which this action was brought to enforce were owing by George McDonald when he died as the unpaid instalments for a tract of land which he specifically devised to his grandson E. P. Johnson.

In his will he directs his debts to be paid by a sale of all his personal estate, except his stock on his Woodford farm, and applying the proceeds to that purpose, and if the personal estate should

be insufficient, he directs his house and lot in the Stamping Ground Scott County to be sold, and the proceeds thereof thus applied. Whether the personal estate, and house and lot thus dedicated to the payment of his debts by the testator, have been sold, or whether any disposition has been made of them the administrator with the will anexed although before the court makes no disclosure; but whether the property set apart by the testator to pay his debts was sufficient or not, the appellees as assignees of the vendor of the land certainly may resort to their equitable lien on the land to coerce the payment of their debts, but as has often been held by this court the assignee of a note, or notes for unpaid instalments for land, in his action to enforce the vendor's lien, must if the contract has not been executed by a conveyance of the land, not only allege the ability of his assignor, the vendor, to comply with the terms of the contract of sale, but must exhibit the character of his title, his ability, and readiness to convey it, and should bring the parties interested in the controversy before the court. Notwithstanding these material allegations were wholly omitted, and ignored in the petition, still a judgment for a sale was rendered, and bidders left to conjecture and speculation whether if they purchased they would get a good or even any title whatever, and which must result most disastrously to the infant devisee.

Moreover the note assigned by Triplett to Sebree for the last instalment for the land was not due until November 1868, and in his answer and cross bill he does not even ask a judgment on that note but prays that no judgment shall be rendered for the instalments matured before his as the land would bring more to sell the whole at once, than to sell it in parcels. Nevertheless at the May term, 1868, of the circuit court judgment was rendered in favor of both assignees although one of the notes was not due for nearly six months thereafter.

These are radical errors affecting most seriously and injuriously the rights of the infant devisee, and must be fatal to the judgment.

Wherefore said judgment is *reversed* and the cause is remanded with directions for further proceedings not inconsistent with this opinion.

*Rodman & Polk*, for appellant.

*Robinson*, for appellees.